IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

Donald Lee Grinnell, )
    Petitioner, )
 )
v. ) 1:16cv1472 (CMH/IDD)
 )
Carl K. Hester, )
    Respondent. )

## MEMORANDUM OPINION

Donald Lee Grinnell, a Virginia inmate proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging the constitutionality of his conviction of three counts of breaking and entering with intent to commit larceny entered on a plea of guilty in the Circuit Court for Mathews County. On March 22, 2017, respondent filed a Motion to Dismiss and Rule 5 Answer, along with a supporting brief and exhibits. (Dkt. No. 13-16) Petitioner was given the opportunity to file responsive materials, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975) and Local Rule 7K, and he filed a reply on April 10, 2017. (Dkt. No. 18) Accordingly, this matter is ripe for disposition. For the reasons that follow, respondent's Motion to Dismiss will be granted, and the petition will be dismissed, with prejudice.

### I. Background

At a hearing on January 28, 2015, Grinnell entered a negotiated plea of guilty to three counts of breaking and entering with the intent to commit larceny. Case Nos. CR14000074, CR14000078, CR14000085. In exchange, the Commonwealth *nolle prosequied* six additional charges of grand larceny, petit larceny, commission of larceny with the intent to sell, and possession of heroin. Resp. Ex. 2. On May 27, 2015, Grinnell received an aggregate sentence of

sixty years in prison with fifty years suspended. Resp. Ex. 1.

On May 4, 2016, Grinnell filed a petition for a state writ of habeas corpus in the Supreme Court of Virginia, asserting the following claims:

> 1. He received ineffective assistance when counsel advised him not to ask the prosecutor to remove himself from the case.
>
> 2. He received ineffective assistance when counsel failed to show him a letter from the Virginia Bar which demonstrated that the prosecutor had a conflict of interest.
>
> 3. Counsel provided ineffective assistance by misinforming him about penalty offers in plea agreements.
>
> 4. Counsel provided ineffective assistance by misinforming him of the amount of time he would serve pursuant to the agreement.
>
> 5. He received ineffective assistance when counsel failed to present the valid defense of "irresistible impulse" because he was on drugs when he committed the crimes.
>
> 6. The trial court committed plain error by failing to investigate and consider the effect of petitioner's drug use on his mental competency when he committed the crimes.
>
> 7. The trial court committed plain error when it allowed petitioner's probation officer to testify at sentencing.
>
> 8. The trial court committed plain error by allowing a prosecutor who was related to two of the victims to handle the case.

The Supreme Court of Virginia dismissed the petition. Grinnell v. Hester, R. No. 1115653 (Va. Oct. 20, 2016); Resp. Ex. 5. Specifically, it rejected claims 1, 3, 4 and 5 because

2

Grinnell had failed to offer a valid reason why he should not be bound by his representation at the plea colloquy that he was satisfied with the services of his attorney. It found that claim 2 was without merit, and it determined that claims 6, 7 and 8 were barred by the rule enunciated in Slayton v. Parrigan, 215 Va. 27, 29, 205 S.E.2d 680, 682 (1974) (holding that a claim is procedurally defaulted if the petitioner could have raised it on direct appeal but did not).

Grinnell then turned to the federal forum and timely filed this application for §2254 relief on November 3, 2016. He makes the following claims:

1. The trial court made statements that revealed it was prejudiced, and that prejudice violated his right to a fair trial and resulted in an unfair sentencing hearing.

2. The trial court allowed the admission of unfair evidence.

3. The prosecutor had a conflict of interest in two of the cases.

4. He received ineffective assistance of counsel because his attorney:

   a. advised him not to ask the prosecutor to remove himself from the case;

   b. failed to show him a letter from the Virginia Bar which demonstrated that the prosecutor had a conflict of interest;

   c. misinformed him about penalty offers in plea agreements;

   d. misinformed him of the amount of time he would serve pursuant to the agreement; and

   e. failed to present the valid defense of

          "irresistible impulse" because he was on drugs when he committed the crimes.

5. His right to a fair trial was violated when his probation officer withheld material information at the sentencing hearing.

6. He was mentally incompetent when he committed the offenses.

## II. Exhaustion and Procedural Default

Several of Grinnell's claims are procedurally barred from federal review on the merits. Before bringing a federal habeas petition, a state prisoner must first exhaust his claims in the appropriate state court. 28 U.S.C. § 2254(b); Granberry v Greer, 481 U.S. 129 (1987); Rose v. Lundy, 455 U.S. 509 (1982). To comply with the exhaustion requirement, a petitioner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). Thus, a petitioner convicted in Virginia first must have presented the same factual and legal claims raised in his federal habeas corpus application to the Supreme Court of Virginia on direct appeal or in a state habeas corpus petition. See, e.g., Duncan v. Henry, 513 U.S. 364 (1995).

"A claim that has not been presented to the highest state court nevertheless may be treated as exhausted if it is clear that the claim would be procedurally barred under state law if the petitioner attempted to present it to the state court." Baker v. Corcoran, 220 F.3d 276, 288 (4th Cir. 2000). "The procedural bar that gives rise to exhaustion provides an independent and adequate state-law ground for the conviction and sentence, and thus prevents federal habeas

review of the defaulted claim." Id. at 288 (citing Gray v. Netherland, 518 U.S. 152, 161 (1996)). Thus, an unexhausted claim that would be defaulted if presented in state court is deemed to be simultaneously exhausted and procedurally barred from federal review. Bassette v. Thompson, 915 F.2d 932 (4th Cir. 1990).

Claims 1 and 2 of this petition are procedurally defaulted from federal review pursuant to this rule. Neither claim has been properly presented to the Supreme Court of Virginia, and both would be procedurally barred if Grinnell were to attempt to raise them there now. See Va. Code §8.01-654(A)(1) (Virginia habeas petition must be filed within two years from the date of final judgment in the trial court or within one year from either final disposition of the direct appeal in state court or the time for filing such appeal in state court has expired, whichever is later); §8.01-654(B)(2) (claim that could have been raised in earlier habeas proceeding barred as successive). As a result, both are in procedural default.[1]

In addition, claims 3, 5 and 6 of this petition are procedurally barred for a different reason. When petitioner raised these claims his state habeas corpus application, the Supreme Court of Virginia expressly found them to be defaulted pursuant to Slayton, 205 S.E.2d at 682, as "non-jurisdictional issues [that] could have been raised at trial and on direct appeal and, thus, are not cognizable in a petition for a writ of habeas corpus." Grinnell v. Hester, supra, slip op. at 3-4. The Fourth Circuit has consistently held that "the procedural default rule set forth in Slayton constitutes an adequate and independent state law ground for decision." Mu'min v.

---

[1] In his Response to the Motion to Dismiss (Dkt. No. 18), Grinnell contends that claims 1 and 2 were raised before the Supreme Court of Virginia because he twice filed motions to amend his state habeas corpus petition to add these claims, and both motions were denied. Id. at 1. However, because the motions to amend were denied, the Supreme Court of Virginia never considered the substance of claims 1 and 2, so exhaustion of those claims was not accomplished.

5

Pruett, 125 F.3d 192, 196-97 (4th Cir. 1997). Therefore, the Virginia court's express finding that Slayton barred review of claims 3, 5 and 6 also precludes federal review of those claims. Clanton, 845 F.2d at 1241.

Federal courts may not review barred claims absent a showing of cause and prejudice or a fundamental miscarriage of justice, such as actual innocence. Harris v. Reed, 489 U.S. 255, 260 (1989). The existence of cause ordinarily turns upon a showing of (1) a denial of effective assistance of counsel, (2) a factor external to the defense which impeded compliance with the state procedural rule, or (3) the novelty of the claim. See Coleman v. Thompson, 501 U.S. 722, 753-54 (1991); Clozza v. Murray, 913 F.2d 1092, 1104 (4th Cir. 1990); Clanton v. Muncy, 845 F.2d 1238, 1241-42 (4th Cir. 1988). Importantly, a court need not consider the issue of prejudice in the absence of cause. See Kornahrens, 66 F.3d at 1359 (4th Cir. 1995).

In his Response to the Motion to Dismiss, petitioner does not directly address the cause and prejudice standard. Instead, he appears to argue only in general terms that because his claims involve alleged violation of his constitutional rights, this court should "look beyond a state procedural bar" in the interest of fairness. (Dkt. No. 18 at 4-6) In fact, such a situation is exactly what the cause and prejudice formula is designed to address, to allow a federal court to set aside a state procedural default in rare and truly compelling circumstances where to do otherwise would result in a miscarriage of justice. The problem with petitioner's response is that he makes no argument, much less a showing, that any such circumstances were present here. Accordingly, he has failed to overcome the procedural defaults of claims 1, 2, 3, 5 and 6, and those claims are barred from federal consideration.

6

### III. Merits Standard of Review

When a state court has addressed the merits of a claim raised in a federal habeas petition, a federal court may not grant the petition based on the claim unless the state court's adjudication is contrary to, or an unreasonable application of, clearly established federal law, or based on an unreasonable determination of the facts. 28 U.S.C. § 2254(d). Whether a state court decision is "contrary to" or "an unreasonable application of" federal law requires an independent review of each standard. See Williams v. Taylor, 529 U.S. 362, 412-13 (2000). A state court determination runs afoul of the "contrary to" standard if it "arrives at a conclusion opposite to that reached by [the United States Supreme] Court on a question of law or if the state court decides a case differently than [the United States Supreme] Court has on a set of materially indistinguishable facts." Id. at 413. Under the "unreasonable application" clause, the writ should be granted if the federal court finds that the state court "identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Id. Importantly, this standard of reasonableness is an objective one. Id. at 410. Under this standard, "[t]he focus of federal court review is now on the state court decision that previously addressed the claims rather than the petitioner's free-standing claims themselves." McLee v. Angelone, 967 F.Supp. 152, 156 (E.D. Va. 1997), appeal dismissed, 139 F.3d 891 (4th Cir. 1998) (table).

### IV. Analysis

In all of Grinnell's cognizable claims, he argues that he received ineffective assistance of counsel for various reasons. To establish ineffective assistance of counsel, a petitioner must show that (1) "counsel's performance was deficient" and (2) "the deficient performance prejudiced the

7

defendant." Strickland v. Washington, 466 U.S. 668, 687 (1984). Such a determination "must be highly deferential," with a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689; see also, Burket v. Angelone, 208 F.3d 172, 189 (4th Cir. 2000) (reviewing court "must be highly deferential in scrutinizing [counsel's] performance and must filter the distorting effects of hindsight from [its] analysis"); Spencer v. Murray, 18 F.3d 229, 233 (4th Cir. 1994) (court must "presume that challenged acts are likely the result of sound trial strategy."). The two prongs of the Strickland test are "separate and distinct elements of an ineffective assistance claim," and a successful petition "must show both deficient performance and prejudice." Id. at 233. Therefore, a court need not review the reasonableness of counsel's performance if a petitioner fails to show prejudice. Quesinberry v. Taylore, 162 F.3d 273, 278 (4th Cir. 1998).

The two-part Strickland test "applies to challenges to guilty pleas based on ineffective assistance of counsel." Hill v. Lockhart, 474 U.S. 52, 58 (1985). In the context of a guilty plea, the "performance" prong of the Strickland test 'is nothing more than a restatement of the standard of attorney competence already set forth in . . . McMann v. Richardson,' 397 U.S. 759, 771 (1970), that is, whether the advice of counsel "was within the range of competence demanded of attorneys in criminal cases." Id. at 58-59. With regard to the "prejudice" prong in the context of a guilty plea, a petitioner must show that, "but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Id. at 59; see also Burket v. Angelone, 208 F.3d 172, 190 (4th Cir. 2000). In reviewing a petitioner's claim of ineffective assistance of counsel regarding a guilty plea, "the representations of the defendant, his lawyer, and the prosecutor at such a hearing, as well as any findings made by the judge accepting the

plea, constitute a formidable barrier in any subsequent collateral proceedings." Blackledge v. Allison, 431 U.S. 63, 73-74 (1977). Declarations made "in open court carry a strong presumption of veracity," and "the subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible." Id. at 74. Thus, absent clear and convincing evidence to the contrary, a defendant is bound by his representations at a plea colloquy concerning the voluntariness of the plea and the adequacy of his representation. Beck v. Angelone, 261 F.3d 377, 396 (4th Cir. 2001).

In claim 4(a), Grinnell argues that he received ineffective assistance of counsel because his attorney advised him not to ask the prosecutor to remove himself from the case. The Supreme Court of Virginia found no merit to this contention, as follows:

> In claim (1), petitioner contends he was denied the effective assistance of counsel because counsel advised him to consent to prosecution by the Commonwealth's Attorney, Tom C. Bowen. Petitioner alleges Bowen had a conflict of interest because he was related to two of the victims. Petitioner asserts Bowen offered to withdraw from the case, but his counsel advised him that Bowen's withdrawal would be an inconvenience to the court that might be held against petitioner at sentencing. In support of this claim, petitioner attached correspondence between Bowen and the Virginia State Ethics Hotline in which Bowen explained two of the victims were distantly related to his wife and sought ethical guidance regarding whether his prosecution created a conflict. The Virginia State Bar's response stated a conflict would only arise pursuant to Rule 1.7 if Bowen's relationship with the non-client victims would impair his ability to prosecute on behalf of the Commonwealth.
>
> The Court rejects claim (1) because petitioner failed to offer a valid reason why he should not be bound by his representation at trial that his counsel's performance was adequate. Anderson v. Warden, 222 Va. 511, 281 S.E.2d 885, 888 (1981).

Grinnell v. Hester, supra, slip op. at 1-2.

Review of the transcript of the plea colloquy reveals that in response to questions by the court, Grinnell stated that he had had enough time to confer with his attorney and to discuss all possible defenses to the charges, that after discussing whether or not he should plead guilty with counsel he decided for himself to do so, that he was satisfied with the services of his attorney, that he was entering the pleas freely and voluntarily, and that he was doing so because he was, in fact, guilty of each charge. Resp. Ex. 3 at 38-43. He has come forward here with no clear and convincing evidence to contradict these statements. Accordingly, the disposition of this claim by the Supreme Court of Virginia was both factually reasonable and in accord with controlling federal principles, Blackledge, 431 U.S. at 73-74, and the same result is compelled here. Williams, 529 U.S. at 412-13.

In claim 4(b), Grinnell asserts that his counsel rendered ineffective assistance by failing to show him a letter from the Virginia Bar which demonstrated that the prosecutor had a conflict of interest. The Supreme Court of Virginia rejected this contention on the following holding:

> In claim (2), petitioner contends he was denied the effective assistance of counsel because counsel failed to show him correspondence from the Virginia State Bar regarding Bowen's conflict of interest and misrepresented the contents of the correspondence by stating the Virginia State Bar had approved Bowen to proceed.
>
> The Court holds claim (2) satisfied neither the "performance" nor the "prejudice" prong of the two-part test enunciated in Strickland v. Washington, 466 U.S. 668, 687 (1984). The record, including the Virginia State Bar response and transcripts of the plea hearing, demonstrates petitioner knew about and discussed with counsel the prosecutor's relationship to the victims. Prior to proceeding with the prosecution, Bowen sought guidance from the Virginia State Bar and was advised there was no ethical problem with proceeding unless Bowen thought his relationship to the victims would impair his ability to "diligently and competently prosecute on behalf of the

> Commonwealth." Bowen disclosed the relationships to petitioner's counsel and in open court. Petitioner acknowledged counsel gave him several reasons why he may wish to consent to Bowen's prosecution and petitioner agreed with counsel that he should not ask Bowen to step aside. Petitioner ultimately accepted a plea agreement from Bowen, pursuant to which the Commonwealth agreed to move to nolle prosequi five additional larceny charges and one charge of possession of heroin. Petitioner does not allege or identify any action by Bowen which suggests his relationship to the victims negatively impacted his objectivity and impartiality. See Powell v. Commonwealth, 267 Va. 107, 138, 590 S.E.2d 537, 556, cert. denied, 543 U.S. 892 (2004) (a defendant may show a prosecutor has a conflict of interest by establishing a direct personal interest arising out of kinship "such that his objectivity and impartiality are called into question."). Thus, petitioner has failed to demonstrate that counsel's performance was deficient or that there is a reasonable probability that, but for counsel's alleged errors, he would have pleaded not guilty, would have proceeded to trial, and the outcome of the proceedings would have been different. Hill v. Lockhart, 474 U.S. 52, 59 (1985).

Grinnell v. Hester, supra, slip op. at 2.

Under these circumstances, the Supreme Court of Virginia's conclusion that counsel did not provide constitutionally deficient representation with respect to the prosecutor's alleged conflict of interest was neither contrary to nor an unreasonable application of clearly established federal law, nor was it based on an unreasonable determination of the facts. As to the Court's recitation of the facts, counsel filed an affidavit in the Virginia Supreme Court in which he described the prosecutor's communication with the Virginia State Bar to ensure that no conflict existed and his offer to withdraw from the case. Resp. Ex.6. Counsel spoke with Grinnell about the matter on two occasions, and "Grinnell agreed it was not an issue worth discussing because he was more interested in trying to work out a plea agreement." Id., ¶ 12. In addition, Grinnell can make no showing that "but for counsel's errors, he would not have pleaded guilty and would

have insisted on going to trial." Hill, 474 U.S. at 59. As noted above, entry of the guilty plea to three counts of breaking and entering reaped the benefit of having six additional charges dismissed. In addition, the Commonwealth was prepared to present evidence at trial that a blood sample matching Grinnell's had been obtained at the scene of one of the burglaries. Resp. Ex. 3 at 44-45. Items taken from a second burglarized home were found in Grinnell's vehicle as well as at a pawn shop, and he was identified in a photo line-up by the pawn shop owner. Id. at 45-46. Items taken from the third burglarized home were found at the same pawn shop, and the owner again identified Grinnell as the person who pawned them. Id. at 46-47. Under these circumstances, the Virginia court's finding that counsel's actions with respect to the prosecutor's alleged conflict of interest did not amount to ineffective assistance was both factually reasonable and in accord with controlling federal principles, Hill, 474 U.S. at 52, and it must be allowed to stand. Williams, 529 U.S. at 412-13.

In claim 4(c), Grinnell alleges that he received ineffective assistance because his attorney coerced him to accept the plea offer by misinforming him that courts in Virginia no longer accept plea agreements for agreed dispositions and advised him that the agreement offered by the prosecutor was the best he would receive. The Supreme Court of Virginia found no merit to this argument, as follows:

> The Court rejects claim (3) because petitioner failed to offer a valid reason why he should not be bound by his representation at trial that his counsel's performance was adequate and that his guilty pleas were voluntary, and there is no evidence identified by petitioner that would support the contrary conclusion that the pleas were involuntary. Anderson, 222 Va. at 516.

Grinnell v. Hester, supra, slip op. at 2-3.

In claim 4(d), Grinnell alleges that his counsel provided ineffective assistance because his attorney misinformed him as to his sentence by representing he would be sentenced within the sentencing guidelines. The Supreme Court of Virginia dismissed this claim for the following reasons:

> The Court rejects claim (4) because petitioner failed to offer a valid reason why he should not be bound by his representation at trial that his counsel's performance was adequate, that no one had made him any promises outside of the written plea agreement, which he acknowledged he had read and signed and which states that counsel provided petitioner with an estimate of his sentence based on the guidelines, and that his guilty pleas were voluntary and there is no evidence identified by petitioner that would support the contrary conclusion that the pleas were involuntary. See id.

Grinnell v. Hester, supra, slip op. at 3.

Finally, in claim 4(e), Grinnell contends that he received ineffective assistance because his attorney failed to present the valid defense of "irresistible impulse" that he was on drugs when he committed the crimes. He states that counsel told him it was not a viable defense when it in fact was viable and was supported by ample evidence. The Supreme Court of Virginia again disagreed, and held:

> The Court rejects claim (5) because petitioner failed to offer a valid reason why he should not be bound by his representations at trial that he had discussed all possible defenses with counsel and that his counsel's performance was adequate. See id.

Grinnell v. Hester, supra, slip op. at 3.

As to these three final subclaims of ineffective assistance, Grinnell has failed to come forward with clear and convincing evidence to contradict his statements at the plea colloquy. Accordingly, the disposition of these claim by the Supreme Court of Virginia was both factually

13

reasonable and in accord with controlling federal principles, <u>Blackledge</u>, 431 U.S. at 73-74, so the same result must be reached here. <u>Williams</u>, 529 U.S. at 412-13.

### IV. Conclusion

For the foregoing reasons, respondent's Motion to Dismiss this petition will be granted, and the petition will be dismissed with prejudice. An appropriate Order and judgment shall issue.

Entered this  20th  day of  Oct.  2017.

Alexandria, Virginia

                              *Claude M. Hilton*
                              United States District Judge